UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELJWUN KEYS, | ) | 1:06-cv-00713-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION |
| v. | ) | TO DISMISS PETITION |
| | ) | (Doc. 12) |
| | ) | |
| JEANNE WOODFORD, | ) | ORDER DIRECTING OBJECTIONS TO BE |
| | ) | FILED WITHIN FIFTEEN DAYS |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on June 8, 2006. (Doc. 1). On March 14, 2008, Respondent filed a motion to dismiss the petition on the grounds that it was untimely under 28 U.S.C. 2244(d) and that it contained unexhausted claims. (Doc. 12). After carefully considering the contentions raised by Respondent, the Court concludes that the petition is untimely.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed a motion to dismiss the petition on the grounds that the petition was filed outside the one year limitation period prescribed by 28 U.S.C. § 2244(d)(1) and the claims in the petition are unexhausted.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1) and failure to exhaust state remedies. Because one of the grounds for Respondent's motion is failure to exhaust state remedies and the remaining ground is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh, 521 U.S. 320. The instant petition was filed on June 8, 2006, and is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review becomes final. Here, judgment was rendered on July 7, 2004, and Petitioner did not file an appeal. (Doc. 1, p. 1; Lodged Document ("LD") 1). California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior California Rule of Court, Rule 31(d)).

Pursuant to California Rules of Court, Rule 8.308(a), formerly Rule 31(d), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on September 5, 2004, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on September 6, 2004, and Petitioner would have had one year from that date, or until September 5, 2005, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned above, the instant petition was not filed until June 8, 2006, over nine months after the one-year period had elapsed. Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for that additional time, the petition must be dismissed as untimely.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during which a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d). A properly filed petition is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that "a California petitioner 'completes a full round of [state] collateral review,'" so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F. 3d 1003, 1006 (9th Cir. 1999).

There are circumstances and periods of time when no statutory tolling is allowed. No statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no application is "pending" during that time. Nino, 183 F. 3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. The limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001). A petitioner is not entitled to statutory tolling where the limitation period has already run prior to the filing of a state habeas petition. Ferguson v. Palmateer, 321 F. 3d 820, 823 (9th Cir. 2003); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when his later petition raises unrelated claims. See Gaston v. Palmer, 447 F. 3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed two state habeas petitions, and the Lodged Documents filed by Respondent with the motion to dismiss confirm that Petitioner filed the following state petitions: (1) filed in the Kern County Superior Court on January 11, 2005 and denied by the same court on January 26, 2005 (LD 2, 3); and (2) filed in the California Supreme Court on April 9, 2006 and denied by the high court on May 17, 2006. (LD 4, 5). Assuming, without deciding, that the first petition was properly filed under the AEDPA, Petitioner would be entitled to sixteen days of tolling

4

during the pendency of that petition.

After the first petition was denied on January 26, 2005, Petitioner waited almost fifteen months, until April 9, 2006, to file his second state petition. That petition was denied by the California Supreme Court without any comment regarding the petition's timeliness. (LD 5).[1] Such a lengthy delay, however, makes the second petition, in the judgment of this Court, untimely and therefore precludes the second petition from having any salutary tolling effect for Petitioner.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that when the California courts do not explicitly dismiss for lack of timeliness, the petition is presumed timely and is deemed "pending." In Evans v. Chavis, the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. Evans, 546 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005)); see also, Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the California Supreme Court denied Petitioner's habeas petition as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2). Bonner, 425 F.3d at 1148-1149. However, even if the California Supreme Court did not deny the habeas petition filed in that court as untimely, this Court is now charged with the duty of independently determining whether Petitioner's request for state court collateral review, filed over fourteen months after the first petition was denied, was filed within what California would

---

[1] The state supreme court, in denying the petition, did cite In re Swain, 34 Cal.2d 300 (1949), and In re Duvall, 9 Cal.4th 464 (1995), both of which are understood to indicate that the petition was deficient for the petitioner's failure to state his claims with particularity. (LD 5). Those cases are not understood to refer to the timeliness of the petition.

5

consider a "reasonable time." Evans, 546 U.S. at 198. If it was, then the state petition was properly filed and the statute of limitations under § 2242(d)(2) was tolled during that period.

As mentioned, the state court did not deny the second petition as untimely nor did it indicate that the petition was timely. Thus, this Court must determine whether the second petition was timely. In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. More recently, in Waldrip v. Hall, the Ninth Circuit was faced with a case remarkably similar factually to the instant case. Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008). There, Waldrip did not file an appeal; instead he first filed a state habeas petition in the Superior Court that was denied on March 28, 2002. Waldrip then waited until December 11, 2002, nearly nine months, before filing his second state petition in the California Supreme Court. Applying Evans, the Ninth Circuit found the petition untimely:

> Whether based on the Court's expectation of what time delay the California Supreme Court would view as "reasonable" or on its interpretation of the word "pending" in the federal statute of limitations, Evans made clear that an unexplained delay of six months between the denial by one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were "pending." That conclusion dooms Waldrip's federal petition.

Waldrip, 548 F.3d at 734-735.

Here, the delay between the denial of Petitioner's first state petition on January 26, 2005 and the filing of his second petition on April 9, 2006 was 437 days, or over fourteen months. Under the implicit guidelines in Evans, which requires the district court to conduct its own independent inquiry into the timeliness of state petitions, and which expressly held a delay of more than six months unreasonable, this Court has little difficulty finding that the over fourteen month delay in this case was unreasonable and therefore not entitled to statutory tolling. Evans, 546 U.S. at 198, 201; Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); see Waldrip, 548 F. 3d at 738.

Because Petitioner was not entitled to statutory tolling for the second petition, he is likewise not entitled to "interval" tolling, i.e., statutory tolling for the period <u>between</u> the denial of the first petition and the filing of the second petition. See <u>Nino</u>, 183 F.3d at 1006-1007 (interval tolling permitted between denial of properly filed petition in lower court and filing of "properly filed" petition in higher court).  Here, since the second petition was not "properly filed" for purposes of the AEDPA because of the over fourteen month delay, it did not trigger either statutory tolling during its pendency or statutory tolling for the interval prior to its filing. <u>Id.</u>

Based on that analysis, Petitioner exhausted 127 days of the one-year period between the date the one-year period commenced to run on September 6, 2004 and the filing of the first petition on January 11, 2005.  The one-year period was tolled for the next 16 days during the pendency of that first petition.  However, the one-year period re-commenced the day following the first petition's denial, on January 27, 2005.  At that point, Petitioner had 238 days remaining.  In other words, absent any statutory tolling, the one-year period would expire 238 days after January 27, 2005, or on September 22, 2005, unless Petitioner is entitled to additional tolling.  As discussed, the petition was not filed until June 8, 2006, 259 days late, and no other bases for statutory tolling appears in the record of this action.  Accordingly, unless Petitioner is entitled to equitable tolling, the petition is untimely.

D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner has not alleged, and the record does not disclose, any arguable claim for equitable tolling.  Therefore, the Court finds that the instant petition was filed 259 days *after* the one-year limitation period had expired.  Thus, the petition is untimely and should be dismissed.

E.  Failure to Exhaust Claims

Respondent also contends that the petition should be dismissed because the two claims in the petition are unexhausted. (Doc. 12, p. 5). The Court disagrees.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. CT. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715, 1719 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000)(factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan v. Henry, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan v. Henry, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Here, Petitioner raises two grounds for relief: (1) the victim's recanting of her testimony requires reversal of the conviction in the interest of justice; and (2) ineffective assistance of trial counsel in psychologically coercing Petitioner to plead guilty. (Doc. 1, p. 4). Respondent has lodged documents with the Court establishing that Petitioner sought to exhaust his remedies for these two claims by filing a habeas corpus petition in the California Supreme Court on April 17, 2006. (LD 4). However, that petition was denied by California Supreme Court, which cited In re Swain, 34 Cal.2d 300 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995), as the basis for the denial. (LD 5). Under California law, citations to Duvall and Swain indicate that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474; Swain, 34 Cal. 2d at 304.

While conceding that Petitioner raised the instant claims in his action before the California Supreme Court, Respondent contends that state court remedies have not been exhausted because Petitioner's California Supreme Court petition was denied on procedural grounds, i.e., by the citation to Swain and Duvall. (Doc. 12, p. 6). Specifically, Respondent contends that the Petitioner's state

9

court petition was denied for lack of particularity, and, because Petitioner could have remedied that defect by submitting an amended petition that contained greater specificity, he has not exhausted his claims in state court. (Id.). According to Respondent, because Petitioner could have alleged his claims with greater particularity, "his habeas petition in the California Supreme Court did not satisfy the exhaustion requirement." (Id.).

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949). The Ninth Circuit held that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity, could have been cured in a renewed petition. Kim, 799 F.2d at 1319.

However, the Ninth Circuit also stated that it was "incumbent" on the federal district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Id. at 1320. "The mere recitation of In re Swain does not preclude such review." Id. Indeed, the Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. Kim, 799 F.2d at 1320.

Because the state petition was denied with citations to Swain and Duvall, the Court will apply the principles set forth in Kim and review Petitioner's habeas petition filed in the California Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion standards.

According to the exhibits filed by Respondent, Petitioner's state petition in the California Supreme Court raised the same two issues as in the instant petition. Regarding the recantation claim, Petitioner contended as follows:

> Petitioner was initially charged with sodomy, attributable to accusation statement(s) provided to the police from Elander Barron (complaining witness) on February 26, 2004. On December 2, 2004, Elander Barron "re-canted" her accusation statement(s). Moreover in a "notarized affidavit" admitted that she gave a "false" report to the police on February 26, 2004. (See affidavit; Attachment "a"). There is certainly a "reasonable chance" or more than a "abstract possibility" that Elander Barron knowingly and willfully [sic] provided false accusation statement(s) on February 26, 2004. Moreover "fabricated" the allegation of sodomy. Therefore, in the interest of justice, the judgment must be reversed.

1  (LD 4, p. 3). Attached to the petition is a copy of a handwritten statement signed by one Elander

2  Barron purporting to recant the claim that Petitioner sexually assaulted Barron.

3       As to the ineffective assistance of counsel claim, Petitioner contended as follows:

4

5      Petitioner asserts that his plea of nolo contendere was "manifestly influenced" attributable to his trial counsel's "psychological coercion." Moreover the "forced" psych medication he was

6  on. Prior to the commencing of the trial, Petitioner informed his trial counsel that he was "incapable" of making a "rational decision" attributable to the "forced" psych medication(s)

7  they had him on. Specifically, Haldol, Cogentin and Remron. Nonetheless, Petitioner's attorney informed him that "the charge(s) would be hard to disprove, it would be her word

8  against his. Thus, he should accept the three year plea bargain because if he didn't, he would receive a "46 to life" prison sentence. There is certainly a "reasonable chance" or more than

9  a "abstract possibility" that Petitioner's plea of nolo contendere was manifestly influenced attributable to the forced psych mediation(s), his trial counsel' failure to "adequately

10  investigate the allegation(s). Moreover, her psychological coercion. Therefore, the judgment must be reversed.

11  (LD 4, p. 4). In support of his claim of ineffective assistance of counsel, Petitioner cited several

12  cases, including Davis v. United States, 239 F.3d 283 (2d Cir. 2001), and Eggleston v. United States,

13  798 F.2d 374 (9th Cir. 1986).

14       As to the recantation, it is difficult for the Court to envision why the state court rejected the

15  claim for lack of particularity. Under California law, a state habeas petitioner's claim "of false

16  testimony requires proof that false evidence was introduced against petitioner at his trial and that

17  such evidence was material or probative on the issue of his guilt." In re Bell, 42 Cal.4th 630, 637

18  (2007)(quoting In re Roberts, 29 Cal.4th 726, 741-742 (2003)). A petitioner's claim of actual

19  innocence depends on an evidentiary showing that "would 'undermine the entire prosecution case

20  and point unerringly to innocence or reduced culpability.'" In re Bell,(quoting In re Clark, 5 Cal.4th

21  750, 798, fn. 33 (1993)). In the declaration, Elander Brown declared that he or she gave a "false

22  statement to the police that Deljwun Keys had committed the crime of sodomy against me," that

23  Keys "did not commit the crime of sodomy against me, I willfully had sex with him that day," and

24  that Keys had been "falsely charged with the crime of sodomy due to my false report to the police."

25  (LD 4, Attach. A).

26       It appears to the Court that Petitioner presented to the California Supreme Court proof of

27  false evidence that would "undermine the entire prosecution case and point unerringly to innocence

28  or reduced culpability." Bell, 42 Cal. 4th at 637. It is difficult to imagine what more Petitioner

could be expected to present in the way of specificity to perfect his claim. Accordingly, the Court, pursuant to Kim, finds that the recantation claim was "fairly presented" to the California Supreme Court and thus is exhausted.

Regarding the claim of ineffective assistance, as mentioned, Petitioner bolstered his claim with citations to several federal cases. Two of those cases, Davis and Eggleston, involved ineffective assistance of trial counsel and contain detailed discussions of the federal standard for ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Davis, 239 F.3d at 286; Eggleston,798 F.2d at 376. In the state petition, Petitioner contends that his attorney exerted psychological coercion to pressure Petitioner to enter a guilty plea, specifically by threatening Petitioner with a sentence of 45 years to life if he did not accept the plea bargain. Petitioner contends that this coercion was made more severe by the fact that Petitioner had been taking psychological medications at the time. As with the first claim, it is difficult to understand why such allegations were considered insufficiently specific by the state court to state a claim. To the contrary, Petitioner set forth his legal theory of ineffective assistance, the facts underlying that theory, and provided citations to cases that set forth the federal standard for his legal theory of ineffective assistance. Under those circumstances, it is unclear what more the state court would expect of Petitioner. Accordingly, pursuant to Kim, the Court finds that the ineffective assistance of counsel claim was "fairly presented" to the California Supreme Court, and is therefore exhausted.

Because the Court finds that both claims in the instant petition were exhausted, Respondent's motion to dismiss the petition on the grounds of failure to exhaust state remedies should be denied. However, the petition must nevertheless be dismissed as untimely.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 12), be GRANTED and the petition for writ of habeas corpus be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 15, 2009**                              /s/ Theresa A. Goldner
                                                           UNITED STATES MAGISTRATE JUDGE